UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jorgji Mulo,

                Plaintiff,      Case No. 16-cv-13476

v.                            Judith E. Levy
                                   United States District Judge

Kenneth A. Gottlieb,
                                   Mag. Judge David R. Grand
                Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [4]**

Before the Court is defendant Kenneth A. Gottlieb's motion to dismiss (Dkt. 4) the complaint filed by plaintiff Jorgji Mulo, who alleges defendant was negligent in driving his motor vehicle, thereby causing plaintiff to sustain severe injuries.

For the reasons set forth below, defendant's motion is granted.

I.    **Background**

On November 19, 2015, plaintiff, a resident of Sterling Heights, Michigan, was driving his truck east on SR 613 in Allen Township, Hancock County, Ohio. (Dkt. 1 at 2.) That same day, defendant, a

resident of Monroe, Ohio, was driving his Toyota Corolla on TR 232 in Allen Township, Hancock County, Ohio. (*Id.*)

At the intersection of SR 613 and TR 232, defendant allegedly failed to stop at a stop sign and collided with plaintiff's truck. (Dkt. 1 at 2.)

After the incident, plaintiff filed this complaint, alleging defendant was negligent in failing to operate his motor vehicle with due care and driving through a stop sign without stopping or giving warning to other drivers. (Dkt. 1 at 2–3.) As a result of defendant's alleged negligence, plaintiff sustained serious physical injuries, disfigurement, emotional distress and anxiety, and loss of earnings and earnings capacity. (*Id.* at 4.)

Defendant filed a motion to dismiss, arguing the Court lacks personal jurisdiction over defendant, is the improper venue, and is *forum non conveniens*. (*See generally* Dkt. 4.)

## II. Legal Standard

Under Fed. R. Civ. P. 12(b)(2), "the party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). "To defeat [a motion to dismiss for lack of

2

personal jurisdiction, a plaintiff] need only make a *prima facie* showing of jurisdiction." *Id*. But when a motion to dismiss has been filed, "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). And when a motion to dismiss for lack of personal jurisdiction is filed but no evidentiary hearing is held, "the court must consider the pleadings and affidavits in a light most favorable to the [nonmoving party—here, plaintiffs]." *Id.* (brackets in original).

### III. Analysis

Defendant argues the Court lacks personal jurisdiction, is the improper venue, and that this Court is *forum non conveniens*. (Dkt. 4.)

### *Personal Jurisdiction*

Defendant argues the Court lacks personal jurisdiction because defendant is a resident of Monroe, Ohio; the accident leading to this lawsuit occurred in Ohio; he was served with process in Ohio; he did not consent to the Court's jurisdiction; and he has no other contacts with the State of Michigan. (Dkt. 4 at 8.) Plaintiff argues his injuries were treated in Michigan and his doctors are located in Michigan, which is sufficient

3

to establish personal jurisdiction. Plaintiff also argues defendant should consent to jurisdiction because the main issue for trial will be the extent of his injuries. (Dkt. 6 at 2; Dkt. 6-1 at 2.)

In a diversity case, a federal court may exercise personal jurisdiction over a party if "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Beydoun*, 768 F.3d at 504.

Michigan's long-arm statute authorizes general personal jurisdiction over individuals if there exist "any of the following relationships between an individual and the state": (1) presence in the state at the time when process is served; (2) domicile in the state at the time when process is served; or (3) consent. MICH. COMP. LAWS § 600.701. Courts may exercise limited personal jurisdiction if the judgment "aris[es] out of an act which creates any of the following relationship:

> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.

4

> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

MICH. COMP. LAWS § 600.705.

In this case, defendant has claimed that he is not a resident of Michigan, is not domiciled in Michigan, and has not consented to jurisdiction. Plaintiff has not rebutted these claims. Thus, the Court lacks general personal jurisdiction over defendant.

The only evidence plaintiff submits in support of the Court exercising personal jurisdiction over defendant is that his doctors are located in and his medical treatment occurred in Michigan. Thus, plaintiff is effectively attempting to establish limited personal jurisdiction pursuant to the portion of the long-arm statute that provides

for jurisdiction when "[t]he doing or causing an act [is] done, or consequences [] occur, in the state resulting in an action for tort." MICH. COMP. LAWS § 600.705(2). But plaintiff's argument has been uniformly rejected by the courts:

> "Where, as in the case before [the Court], the action arises from conduct of the non-resident that physically injures the plaintiff outside the forum, the typical claim has been that the non-residential defendant has caused consequences in the forum in the form of the injury itself and related medical treatment and expenses. The Michigan courts and the federal district courts have uniformly rejected this argument."

*Alomari v. Overseas Ship Holding Grp., Inc.*, Case No. 11-cv-12300, 2011 WL 5553787, at *4 (E.D. Mich. Nov. 15, 2011) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1460 (6th Cir. 1991)).

This line of cases interprets "consequence" to be "the tort claim itself and it must arise within Michigan as a result of the defendant's extra-territorial action." *Theunissen*, 935 F.2d at 1460. In other words, "where the injury occurs outside the state, the cause of action—the consequence—does also." *Id.*

Here, plaintiff does not dispute that his injuries occurred in Ohio, where the collision occurred. And plaintiff offers no other information to indicate defendant has any other contacts with the State of Michigan.

6

Plaintiff's claim that defendant should consent to jurisdiction does not give this Court personal jurisdiction over defendant because the Court cannot force a defendant to consent. Thus, plaintiff has failed to establish a *prima facie* case for limited personal jurisdiction over defendant. Accordingly, defendant' motion to dismiss for lack of personal jurisdiction is granted.

Because the Court lacks personal jurisdiction over defendant, the Court need not address defendant's remaining claims.

## IV. Conclusion

For the reasons set forth above, defendant's motion to dismiss (Dkt. 4) is GRANTED.

IT IS SO ORDERED.

Dated: March 27, 2017　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2017.

　　　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　　　Case Manager